NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID MOSHE RAHMANY, individually and on behalf of all others similarly situated and YEHUDA RAHMANY, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs-Appellants,<br><br> v.<br><br>T-MOBILE USA INC.,<br><br>      Defendant,<br><br> and<br><br>SUBWAY SANDWICH SHOPS, INC.,<br><br>      Defendant-Appellee. | No.   17-35094<br><br>D.C. No. 2:16-cv-01416-JCC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted March 16, 2018**
San Francisco, California

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: PAEZ and IKUTA, Circuit Judges, and ADELMAN,*** District Judge.

David and Yehuda Rahmany (collectively, "Rahmany") appeal the district court's order granting Subway Sandwich Shops, Inc. ("Subway")'s motion to compel arbitration and dismissing the case. Applying California law as stipulated by the parties, we reverse.

The district court erred in concluding that Subway, a non-signatory to the Wireless Agreement between Rahmany and T-Mobile USA, Inc. ("T-Mobile"), could equitably estop Rahmany from avoiding the Wireless Agreement's arbitration clauses.[1] Equitable estoppel is "inapplicable" because Rahmany's "allegations reveal no claim of any violation of any duty, obligation, term or condition imposed by the [Wireless Agreement]." *In re Henson*, 869 F.3d 1052, 1060 (9th Cir. 2017) (quoting *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1230 (9th Cir. 2013)). Rahmany brings two claims alleging that Subway violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by encouraging T-Mobile to spam message its cellular customers with an advertisement for a "T-Mobile Tuesday" sandwich deal at Subway. Although Rahmany's complaint

---

*** The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

[1] We use the term "Wireless Agreement" to refer to the collection of relevant agreements between Rahmany and T-Mobile, including the T-Mobile Terms & Conditions, a service agreement, and an iPhone lease agreement.

2

alleges that he did not provide "prior express written consent" to receive the text messages at issue, such an allegation does not constitute a "claim of [a] violation" of the Wireless Agreement. *Id.* The TCPA, not the Wireless Agreement, creates and defines any alleged duty to refrain from sending an unwanted text message.

Furthermore, "[e]xpress consent is not an element of a plaintiff's prima facie [TCPA] case but is an affirmative defense for which the defendant bears the burden of proof." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017). Thus, although Subway's affirmative defense of express consent may require the district court to analyze the Wireless Agreement, Rahmany's *claims* do not "rely on the terms of the [Wireless Agreement]," nor does Rahmany allege "substantially interdependent and concerted misconduct" between Subway and T-Mobile that is "founded in or intimately connected with the obligations of the [Wireless Agreement]." *Murphy*, 724 F.3d at 1229 (quoting *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128–29 (9th Cir. 2013)); *see also In re Henson*, 869 F.3d at 1060–62. Accordingly, the district court erred in enforcing the Wireless Agreement's arbitration clauses against Rahmany.

**REVERSED.**